KAREN J. KUBIN (CA SBN 71560)
KKubin@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

TRITIA M. MURATA (CA SBN 234344)
TMurata@mofo.com
DAVID P. ZINS (CA SBN 284919)
DZins@mofo.com
MAYA HAREL (CA SBN 291990)
MHarel@mofo.com
LAUREN R. LEIBOVITCH (CA SBN 323230)
LLeibovitch@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Defendant
STAPLES THE OFFICE SUPERSTORE, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JUAN CARLOS CORRAL, individually and on behalf of all similarly situated and/or aggrieved employees of Defendants in the State of California, | Case No.  2:22-cv-01254 MCS (PVCx) |
| | (Assigned to Honorable Mark C. Scarsi) |
| Plaintiff, | **DEFENDANT STAPLES THE OFFICE SUPERSTORE, LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| v. | |
| STAPLES THE OFFICE SUPERSTORE LLC, a limited liability company authorized to do business in the state of California, and DOES 1 through 50 inclusive, | CLASS ACTION |
| | Complaint Filed: November 12, 2021 |
| Defendants. | (Removed from Los Angeles Superior Court, Case No. 21STCV41815) |

Defendant Staples the Office Superstore, LLC (Defendant) hereby answers the Second Amended Complaint (SAC) of plaintiff Juan Carlos Corral (Plaintiff) and admits, denies, and avers as follows:

1.      Answering Paragraph 1, Defendant admits that Plaintiff purports to bring this action as a putative class action.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 1.

2.      Answering Paragraph 2, Defendant admits that Plaintiff purports to bring this action on behalf of the persons referred to therein.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 2.

3.      Answer Paragraph 3, Defendant admits that Plaintiff purports to bring this action as a putative representative action pursuant to the Labor Code Private Attorneys General Act of 2004 (PAGA), Cal. Lab. Code § 2698 et seq.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 3.

4.      Defendant denies each and every averment contained in Paragraph 4.

5.      Defendant denies each and every averment contained in Paragraph 5 and subparagraphs a-f thereof.

6.      Answering Paragraph 6, Defendant admits that Plaintiff purports to do the things averred therein.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 6.

7.      Answering Paragraph 7, Defendant admits that Plaintiff purports to do the thing averred therein.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 7.

8.      Answering Paragraph 8, Defendant admits that Plaintiff was employed by it in a nonexempt position in the County of Los Angeles for a period of time. Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 8.

9.      Answering Paragraph 9, Defendant admits, on information and belief, that Plaintiff is a resident of the State of California.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 9.

10.     Defendant denies each and every averment contained in Paragraph 10.

11.     Defendant denies each and every averment contained in Paragraph 11.

12.     Answering Paragraph 12, Defendant admits that it is in the office supplies business and is a citizen of Delaware and Massachusetts.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 12.

13.     Defendant denies each and every averment contained in Paragraph 13.

14.     Answering Paragraph 14, Defendant admits that it has been authorized to do business and has done business in the State of California for a period of time and that it employed Plaintiff for a period of time.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 14.

15.     Defendant lacks knowledge or information sufficient to form a belief as the truth of the averments contained in Paragraph 15, and on that basis, denies them.

16.     Answering Paragraph 16, Defendant admits that it employed Plaintiff in a non-exempt position for a period of time.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 16.

17.     Defendant denies each and every averment contained in Paragraph 17.

18.     Defendant denies each and every averment contained in Paragraph 18.

19.     Defendant denies each and every averment contained in Paragraph 19.

20.     Defendant denies each and every averment contained in Paragraph 20.

21.     Defendant denies each and every averment contained in Paragraph 21.

22.     Defendant denies each and every averment contained in Paragraph 22.

23.     Defendant denies each and every averment contained in Paragraph 23.

24.     Defendant denies each and every averment contained in Paragraph 24.

25.     Defendant denies each and every averment contained in Paragraph 25.

26.     Answering Paragraph 26, Defendant admits that it conducts business in the State of California and in Los Angeles County.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 26.

27.     Answering Paragraph 27, Defendant admits that Plaintiff was formerly employed by it in an hourly nonexempt position for a period of time and his last-held position was Operations Supervisor.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 27.

28.     Defendant denies each and every averment contained in Paragraph 28.

29.     Defendant denies each and every averment contained in Paragraph 29.

30.     Defendant denies each and every averment contained in Paragraph 30.

31.     Defendant denies each and every averment contained in Paragraph 31.

32.     Defendant denies each and every averment contained in Paragraph 32.

33.     Defendant denies each and every averment contained in Paragraph 33.

34.     Answering Paragraph 34, Defendant admits that it paid Plaintiff one or more bonuses.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 34.

35.     Defendant denies each and every averment contained in Paragraph 35.

36.     Defendant denies each and every averment contained in Paragraph 36.

37.     Answering Paragraph 37, Defendant admits that it required Plaintiff to clock out for his meal periods.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 37.

38.     Answering Paragraph 38, Defendant admits that Plaintiff worked more than eight hours in a workday or more than forty hours in a workweek on one or more occasions.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 38.

39.     Defendant denies each and every averment contained in Paragraph 39.

40.     Defendant denies each and every averment contained in Paragraph 40.

41.    Defendant denies each and every averment contained in Paragraph 41.

42.    Defendant denies each and every averment contained in Paragraph 42.

43.    Defendant denies each and every averment contained in Paragraph 43.

44.    Answering Paragraph 44, Defendant hereby reavers and incorporates by reference as though set forth in full Paragraphs 1 through 43 of this Answer.

45.    Answering Paragraph 45, Defendant admits that Plaintiff purports to do the things averred therein.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 45.

46.    Answering Paragraph 46, Defendant admits that Plaintiff purports to do the things averred therein.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 46.

47.    Answering Paragraph 47, Defendant admits that Plaintiff purports to do the thing averred therein.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 47.

48.    Defendant denies each and every averment contained in Paragraph 48.

49.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 49 as they relate to Plaintiff, and on that basis, denies them.  Defendant denies each and every other averment contained in Paragraph 49.

50.    Defendant denies each and every averment contained in Paragraph 50 and subparagraphs a-h thereof.

51.    Defendant denies each and every averment contained in Paragraph 51.

52.    Defendant denies each and every averment contained in Paragraph 52.

53.    Defendant denies each and every averment contained in Paragraph 53.

54.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 54, and on that basis, denies them.

55.    Defendant denies each and every averment contained in Paragraph 55.

56.  Defendant denies each and every averment contained in Paragraph 56.

57.  Answering Paragraph 57, Defendant hereby reavers and incorporates by reference as though set forth in full Paragraphs 1 through 56 of this Answer.

58.  Defendant denies each and every averment contained in Paragraph 58 and subparagraphs a-h thereof.

ANSWER TO FIRST CAUSE OF ACTION

59.  Answering Paragraph 59, Defendant hereby reavers and incorporates by reference as though set forth in full Paragraphs 1 through 58 of this Answer.

60.  Paragraph 60 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 60 is required, Defendant denies each and every averment contained in it.

61.  Paragraph 61 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 61 is required, Defendant denies each and every averment contained in it.

62.  Paragraph 62 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 62 is required, Defendant denies each and every averment contained in it.

63.  Paragraph 63 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 63 is required, Defendant denies each and every averment contained in it.

64.  Paragraph 64 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 64 is required, Defendant denies each and every averment contained in it.

65.  Paragraph 65 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 65 is required, Defendant denies each and every averment contained in it.

66.  Answering Paragraph 66, Defendant avers that at all relevant times it has had a legally-compliant meal period policy applicable to its nonexempt

employees in California.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 66.

67.     Defendant denies each and every averment contained in Paragraph 67.

68.     Defendant denies each and every averment contained in Paragraph 68.

69.     Defendant denies each and every averment contained in Paragraph 69.

70.     Defendant denies each and every averment contained in Paragraph 70.

71.     Defendant denies each and every averment contained in Paragraph 71.

72.     Defendant denies each and every averment contained in Paragraph 72.

73.     Defendant denies each and every averment contained in Paragraph 73.

74.     Defendant denies each  and every averment contained in Paragraph 74.

75.     Defendant denies each and every averment contained in Paragraph 75.

76.     Defendant denies each and every averment contained in Paragraph 76.

77.     Defendant denies each and every averment contained in Paragraph 77.

78.     Answering Paragraph 78, Defendant admits that Plaintiff purports to do the things averred therein.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 78.

WHEREFORE, Defendant prays for judgment as hereinafter set forth.

### ANSWER TO SECOND CAUSE OF ACTION

79.     Answering Paragraph 79, Defendant hereby reavers and incorporates by reference as though set forth in full Paragraphs 1 through 78 of this Answer.

80.     Paragraph 80 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 80 is required, Defendant denies each and every averment contained in it.

81.     Paragraph 81 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 81 is required, Defendant denies each and every averment contained in it.

82.     Paragraph 82 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 82 is required, Defendant denies each and every averment contained in it.

83.     Answering Paragraph 83, Defendant avers that at all relevant times it has had a legally-compliant rest period policy applicable to its nonexempt employees in California.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 83.

84.     Defendant denies each and every averment contained in Paragraph 84.

85.     Paragraph 85 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 85 is required, Defendant denies each and every averment contained in it.

86.     Defendant denies each and every averment contained in Paragraph 86.

87.     Answering Paragraph 87, Defendant avers that at all relevant times it has had a legally-compliant policy for paying employees an extra hour of pay for any non-compliant breaks.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 87.

88.     Defendant denies each and every averment contained in Paragraph 88.

89.     Answering Paragraph 89, Defendant admits that Plaintiff purports to do the things averred therein.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 89.

WHEREFORE, Defendant prays for judgment as hereinafter set forth.

ANSWER TO THIRD CAUSE OF ACTION

90.     Answering Paragraph 90, Defendant hereby reavers and incorporates by reference Paragraphs 1 through 89 of this Answer.

91.     Answering Paragraph 91, Defendant admits that Plaintiff was employed by it in a nonexempt position in California for a period of time.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 91.

92.    Paragraph 92 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 92 is required, Defendant denies each and every averment contained in it.

93.    Paragraph 93 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 93 is required, Defendant denies each and every averment contained in it.

94.    Paragraph 94 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 94 is required, Defendant denies each and every averment contained in it.

95.    Paragraph 95 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 95 is required, Defendant denies each and every averment contained in it.

96.    Defendant denies each and every averment contained in Paragraph 96.

97.    Paragraph 97 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 97 is required, Defendant denies each and every averment contained in it.

98.    Paragraph 98 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 98 is required, Defendant denies each and every averment contained in it.

99.    Defendant denies each and every averment contained in Paragraph 99.

100.   Answering Paragraph 100, Defendant admits that Plaintiff purports to do the things averred therein.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 100.

WHEREFORE, Defendant prays for judgment as hereinafter set forth.

ANSWER TO FOURTH CAUSE OF ACTION

101.   Answering Paragraph 101, Defendant hereby reavers and incorporates by reference as though set forth in full Paragraphs 1 through 100 of this Answer.

102.    Answering Paragraph 102, Defendant admits that Plaintiff was employed by it in a nonexempt position in California for a period of time.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 102.

103.    Paragraph 103 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 103 is required, Defendant denies each and every averment contained in it.

104.    Paragraph 104 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 104 is required, Defendant denies each and every averment contained in it.

105.    Paragraph 105 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 105 is required, Defendant denies each and every averment contained in it.

106.    Paragraph 106 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 106 is required, Defendant denies each and every averment contained in it.

107.    Paragraph 107 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 107 is required, Defendant denies each and every averment contained in it.

108.    Paragraph 108 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 108 is required, Defendant denies each and every averment contained in it.

109.    Defendant denies each and every averment contained in Paragraph 109.

110.    Defendant denies each and every averment contained in Paragraph 110.

111.    Answering Paragraph 111, Defendant admits that Plaintiff purports to do the things averred therein.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 111.

WHEREFORE, Defendant prays for judgment as hereinafter set forth.

## ANSWER TO FIFTH CAUSE OF ACTION

112.    Answering Paragraph 112, Defendant hereby reavers and incorporates by reference as though set forth in full Paragraphs 1 through 111 of this Answer.

113.    Answering Paragraph 113, Defendant admits that Plaintiff was employed by it in a nonexempt position in California for a period of time.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 113.

114.    Paragraph 114 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 114 is required, Defendant denies each and every averment contained in it.

115.    Paragraph 115 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 115 is required, Defendant denies each and every averment contained in it.

116.    Paragraph 116 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 116 is required, Defendant denies each and every averment contained in it.

117.    Paragraph 117 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 117 is required, Defendant denies each and every averment contained in it.

118.    Defendant denies each and every averment contained in Paragraph 118.

119.    Defendant denies each and every averment contained in Paragraph 119.

1    120.   Defendant denies each and every averment contained in Paragraph

2    120.

3    121.   Defendant denies each and every averment contained in Paragraph

4    121.

5    122.   Answering Paragraph 122, Defendant admits that Plaintiff purports to

6    do the things averred therein.  Except as expressly so admitted, Defendant denies

7    each and every averment contained in Paragraph 122.

8    WHEREFORE, Defendant prays for judgment as hereinafter set forth.

9    ANSWER TO SIXTH CAUSE OF ACTION

10    123.   Answering Paragraph 123, Defendant hereby reavers and incorporates

11    by reference as though set forth in full Paragraphs 1 through 122 of this Answer.

12    124.   Paragraph 124 contains mere conclusions of law as to which no answer

13    is required.  To the extent an answer to Paragraph 124 is required, Defendant denies

14    each and every averment contained in it.

15    125.   Paragraph 125 contains mere conclusions of law as to which no answer

16    is required.  To the extent an answer to Paragraph 125 is required, Defendant denies

17    each and every averment contained in it.

18    126.   Defendant denies each and every averment contained in Paragraph

19    126.

20    127.   The first sentence of Paragraph 127 contains mere conclusions of law

21    as to which no answer is required.  To the extent an answer to the first sentence of

22    Paragraph 127 is required, Defendant denies each and every averment contained in

23    it.  Defendant denies each and every remaining averment contained in Paragraph

24    127.

25    128.   Defendant denies each and every averment contained in Paragraph

26    128.

27

28

1       129.   Answering Paragraph 129, Defendant admits that Plaintiff purports to

2  do the things averred therein.  Except as expressly so admitted, Defendant denies

3  each and every averment contained in Paragraph 129.

4       WHEREFORE, Defendant prays for judgment as hereinafter set forth.

5              ANSWER TO SEVENTH CAUSE OF ACTION

6       130.   Answering Paragraph 130, Defendant hereby reavers and incorporates

7  by reference as though set forth in full Paragraphs 1 through 129 of this Answer.

8       131.   Answering Paragraph 131, Defendant admits that Plaintiff was

9  employed by it in a nonexempt position in California for a period of time.  Except

10  as expressly so admitted, Defendant denies each and every averment contained in

11  Paragraph 131.

12       132.   Paragraph 132 contains mere conclusions of law as to which no answer

13  is required.  To the extent an answer to Paragraph 132 is required, Defendant denies

14  each and every averment contained in it.

15       133.   Paragraph 133 contains mere conclusions of law as to which no answer

16  is required.  To the extent an answer to Paragraph 133 is required, Defendant denies

17  each and every averment contained in it.

18       134.   Defendant denies each and every averment contained in Paragraph

19  134.

20       135.   Defendant denies each and every averment contained in Paragraph

21  135.

22       136.   Defendant denies each and every averment contained in Paragraph

23  136.

24       137.   Answering Paragraph 137, Defendant admits that Plaintiff purports to

25  do the things averred therein.  Except as expressly so admitted, Defendant denies

26  each and every averment contained in Paragraph 137.

27       WHEREFORE, Defendant prays for judgment as hereinafter set forth.

28

Defendant's Answer to Plaintiff's Second Amended
Complaint (Case No. 2:22-cv-01254 MCS (PVCx))
SF-4844268            13

1

ANSWER TO EIGHTH CAUSE OF ACTION

2      138.   Answering Paragraph 138, Defendant reavers and incorporates by

3   reference as though set forth in full Paragraphs 1 through 137 of this Answer.

4      139.   Paragraph 139 contains mere conclusions of law as to which no answer

5   is required.  To the extent an answer to Paragraph 139 is required, Defendant denies

6   each and every averment contained in it.

7      140.   Defendant denies each and every averment contained in Paragraph

8   140.

9      141.   Defendant denies each and every averment contained in Paragraph

10  141.

11     142.   Defendant denies each and every averment contained in Paragraph

12  142.

13     143.   Answering Paragraph 143, Defendant admits that is has been

14  knowledgeable about and has adhered to the employment laws of the State of

15  California at all relevant times.  Except as expressly so admitted, Defendant denies

16  each and every averment contained in Paragraph 143.

17     144.   Defendant denies each and every averment contained in Paragraph

18  144.

19     145.   Paragraph 145 contains mere conclusions of law as to which no answer

20  is required.  To the extent an answer to Paragraph 145 is required, Defendant denies

21  each and every averment contained in it.

22     146.   Defendant denies each and every averment contained in Paragraph

23  146.

24     147.   The second sentence of Paragraph 147 contains mere conclusions of

25  law as to which no answer is required.  To the extent an answer to the second

26  sentence of Paragraph 147 is required, Defendant denies each and every averment

27  contained in it.  Defendant denies each and every remaining averment contained in

28  Paragraph 147.

148.   Defendant denies each and every averment contained in Paragraph 148.

149.   Paragraph 149 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 149 is required, Defendant denies each and every averment contained in it.

150.   Defendant denies each and every averment contained in Paragraph 150.

151.   Defendant denies each and every averment contained in Paragraph 151.

152.   Answering Paragraph 152, Defendant admits that Plaintiff purports to do the things averred therein.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 152.

WHEREFORE, Defendant prays for judgment as hereinafter set forth.

ANSWER TO NINTH CAUSE OF ACTION

153.   Answering Paragraph 153, Defendant reavers and incorporates by reference as though set forth in full Paragraphs 1 through 152 of this Answer.

154.   Paragraph 154 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 154 is required, Defendant denies each and every averment contained in it.

155.   Answering Paragraph 155, Defendant admits that the Ninth Cause of Action purports to involve the matters averred therein.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 155.

156.   Answering Paragraph 156, Defendant admits that it employed Plaintiff for a period of time.  Except as so admitted, Defendant denies each and every averment contained in Paragraph 156.

157.   Answering Paragraph 157, Defendant admits that Plaintiff purports to do the things averred therein.  Except as so admitted, Defendant denies each and every averment contained in Paragraph 157.

158.   Paragraph 158 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 158 is required, Defendant denies each and every averment contained in it.

159.   Defendant denies each and every averment contained in Paragraph 159.

160.   Defendant denies each and every averment contained in Paragraph 160.

161.   Defendant denies each and every averment contained in Paragraph 161.

162.   Defendant denies each and every averment contained in Paragraph 162.

163.   Defendant denies each and every averment contained in Paragraph 163.

164.   Defendant denies each and every averment contained in Paragraph 164.

165.   Defendant denies each and every averment contained in Paragraph 165.

166.   Defendant denies each and every averment contained in Paragraph 166.

167.   Defendant denies each and every averment contained in Paragraph 167.

168.   Paragraph 168 contains mere conclusions of law as to which no answer is required.  To the extent an answer to Paragraph 168 is required, Defendant denies each and every averment contained in it.

169.   Answering Paragraph 169, Defendant admits that it employed Plaintiff for a period of time.  Except as expressly so admitted, Defendant denies each and every averment contained in Paragraph 169.

1    170.   Defendant denies each and every averment contained in Paragraph

2    170.

3    171.   Defendant denies each and every averment contained in Paragraph

4    171.

5    172.   Defendant denies each and every averment contained in Paragraph

6    172.

7    173.   Defendant denies each and every averment contained in Paragraph

8    173.

9    174.   Answering Paragraph 174, Defendant admits that Plaintiff purports to

10   do the things averred therein.  Except as expressly so admitted, Defendant denies

11   each and every averment contained in Paragraph 174.

12   175.   Defendant denies each and every averment contained in the SAC,

13   except as to those averments expressly admitted above.

14        WHEREFORE, Defendant prays for judgment as hereinafter set forth.

15                    FIRST SEPARATE AND ADDITIONAL DEFENSE

16                          (Failure to State a Claim)

17   176.   The SAC and each purported cause of action averred therein fail to

18   state a claim upon which relief can be granted against Defendant.

19                  SECOND SEPARATE AND ADDITIONAL DEFENSE

20                           (Lack of Standing)

21   177.   The SAC and each purported cause of action averred therein are barred

22   to the extent Plaintiff lacks standing to assert the matters about which he complains

23   against Defendant.

24                   THIRD SEPARATE AND ADDITIONAL DEFENSE

25                        (Violation of Due Process)

26   178.   The SAC and each purported cause of action averred therein are barred

27   to the extent they violate Defendant's right to due process under the United States

28

1   Constitution, the California Constitution, or other applicable law, or otherwise

2   violate any of Defendant's constitutionally protected rights.

3                    FOURTH SEPARATE AND ADDITIONAL DEFENSE

4                          (Res Judicata/Collateral Estoppel)

5        179.   The SAC is barred to the extent the claims averred therein are barred

6   or precluded by the doctrines of res judicata/claim preclusion or collateral

7   estoppel/issue preclusion.

8                     FIFTH SEPARATE AND ADDITIONAL DEFENSE

9                                    (Release)

10       180.   The SAC and each purported cause of action averred therein are barred

11  to the extent they have been released by Plaintiff or any member of the putative

12  class or averred "aggrieved employees" he purports to represent.

13                    SIXTH SEPARATE AND ADDITIONAL DEFENSE

14                               (Frivolous Action)

15       181.   The SAC and each purported cause of action averred therein are barred

16  on the ground that this action is frivolous, and Plaintiff and his attorneys are

17  prosecuting it in bad faith.  As Plaintiff and his attorneys well know, this action is

18  duplicative of *Thomas Edgar v. Staples, Inc., et al.*, Los Angeles Superior Court

19  Case No. BC713753 (filed July 11, 2018), which was a putative class and PAGA

20  representative action that alleged various Labor Code violations arising from

21  Defendant's alleged failure to provide compliant meal and rest breaks to those

22  employees serving in the role of Manager on Duty.  The class sought to be certified

23  in *Edgar* was substantially similar to the putative class definitions averred in this

24  case.  On October 20, 2020, the *Edgar* Court issued its order denying the plaintiffs'

25  motion for class certification based on their failure to show ascertainability,

26  predominance of common questions, typicality, adequacy, and superiority/

27  manageability.  Plaintiff and his counsel in this case were provided a copy of the

28  *Edgar* ruling but nevertheless pressed forward here.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Principles of Comity and/or *Stare Decisis*)

182.   The SAC and each purported cause of action averred therein should be barred under principles of comity and/or *stare decisis* based on the *Edgar* Court's October 20, 2020 order denying the plaintiffs' motion for class certification based on their failure to show ascertainability, predominance of common questions, typicality, adequacy, and superiority/manageability.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Statute of Limitations)

183.   The SAC and each purported cause of action averred therein are barred to the extent Plaintiff or any member of the putative class or averred "aggrieved employees" he purports to represent seek relief for conduct occurring outside the applicable statutes of limitation, as set forth in California Code of Civil Procedure section 338, subdivision (a), section 340, subdivision (a), and section 343, and California Business & Professions Code section 17208, among others.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Unmanageability)

184.   The SAC and each purported cause of action averred therein are barred because litigating this action on a class, representative, or other group-wide basis is unmanageable and would violate the due process rights of Defendant and persons who are not parties to this action.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Post-Filing Waiting Time Penalties)

185.   Waiting time penalties under California Labor Code section 203, to the extent they would have otherwise been payable to Plaintiff or to any member of the putative class or averred "aggrieved employees" he purports to represent (which Defendant denies), ceased to accrue and were barred effective November 12, 2021, when this "action therefor [was] commenced."

1

2

ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

(Good Faith)

3      186.   Neither Plaintiff nor any member of the putative class or averred

4  "aggrieved employees" he purports to represent are entitled to any damages,

5  penalties, or other relief for any averred violation of any California Labor Code

6  provision because at all times relevant herein, Defendant acted in good faith and

7  had reasonable grounds for believing it did not violate any provision of the Labor

8  Code or the Wage Order promulgated by the California Industrial Welfare

9  Commission thereunder.

10      TWELFTH SEPARATE AND ADDITIONAL DEFENSE

11      (No Knowing, Intentional, or Willful Failure)

12      187.   The SAC and each purported cause of action averred therein are barred

13  because Defendant did not knowingly, intentionally, or willfully fail to comply with

14  any provision of the California Labor Code.

15      THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

16      (Failure to Comply With Policies)

17      188.   The SAC and each purported cause of action averred therein are barred

18  to the extent Plaintiff or any member of the putative class or averred "aggrieved

19  employees" he purports to represent did not comply with Defendant's policies.

20      FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

21      (Plaintiff's Other Conduct)

22      189.   The SAC and each purported cause of action averred therein are barred

23  to the extent any averred damages were caused by the negligence, failure to

24  perform, or other conduct of Plaintiff or any member of the putative class or

25  averred "aggrieved employees" he purports to represent.

26

27

28

1                               FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

2                                         (Waiver)

3       190.   The SAC and each purported cause of action averred therein are barred

4 to the extent Plaintiff or any member of the putative class or averred "aggrieved

5 employees" he purports to represent, by their actions, have waived any claim they

6 had against Defendant, to the extent they had any such claim (which Defendant

7 denies).

8                                SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

9                                      (Estoppel)

10      191.   The SAC and each purported cause of action averred therein are barred

11 to the extent Plaintiff or any member of the putative class or averred "aggrieved

12 employees" he purports to represent, by their actions, are estopped to assert any

13 claim they had against Defendant, to the extent they had any such claim (which

14 Defendant denies).

15                           SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

16                                 (Unclean Hands)

17      192.   The SAC and each purported cause of action averred therein are barred

18 to the extent Plaintiff or any member of the putative class or averred "aggrieved

19 employees" he purports to represent have been guilty of improper conduct

20 connected to the matters averred in the SAC.

21                            EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

22                                     (Laches)

23      193.   The SAC and each purported cause of action averred therein are barred

24 to the extent Plaintiff or any member of the putative class or averred "aggrieved

25 employees" he purports to represent inexcusably and unreasonably delayed filing

26 this action, causing prejudice to Defendant.

27

28

Defendant's Answer to Plaintiff's Second Amended
Complaint (Case No. 2:22-cv-01254 MCS (PVCx))
SF-4844268
           21

NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

(Consent)

194.   The SAC and each purported cause of action averred therein are barred to the extent Plaintiff or any member of the putative class or averred "aggrieved employees" he purports to represent consented to the averred conduct of Defendant.

TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

(Paid All Sums)

195.   The SAC and each purported cause of action averred therein are barred because Defendant has paid Plaintiff and the members of the putative class and averred "aggrieved employees" he purports to represent all sums due to them.

TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

(Failure to Mitigate)

196.   Any penalties or other relief claimed by Plaintiff or any member of the putative class or averred "aggrieved employees" he purports to represent should be reduced to the extent they failed to mitigate their averred harm (which Defendant contends there was none).

TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

(Trifling Time/"Rule of Reason")

197.   The SAC and each purported cause of action averred therein are barred to the extent recovery is sought for trifling amounts of time that are so brief in duration, irregular of occurrence, or difficult to adequately measure or estimate that it would be neither reasonable to require Defendant to account for them nor sensible to devote judicial resources to litigating over them.

TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

(Offset)

198.   Any damages, penalties, or other relief claimed by Plaintiff or any member of the putative class or averred "aggrieved employees" he purports to represent should be reduced to the extent they are subject to an offset, representing

amounts improperly obtained from Defendant or which would constitute unjust enrichment of Plaintiff or any member of the putative class or averred "aggrieved employees" he purports to represent.

### TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

#### (No Basis for Injunctive Relief)

199.    Plaintiff cannot obtain injunctive relief because, among other reasons, Plaintiff is a former employee who lacks standing to seek injunctive relief as to Defendant's employment practices, and in any event, there is no ongoing wrongful conduct to enjoin and Plaintiff cannot show the possibility of irreparable harm as a result of any acts or omissions by Defendant.

### TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

#### (No Private Right of Action)

200.    The SAC and each purported cause of action averred therein are barred to the extent Plaintiff is averring violations of California Labor Code sections under which no private right of action exists.

### TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

#### (No Unfair or Unlawful Practice)

201.    Plaintiff's Eighth Cause of Action is barred because Defendant has not engaged in any conduct that comes within the meaning of California Business & Professions Code section 17200 et seq.

### TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Adequate Legal Remedy)

202.    Plaintiff's Eighth Cause of Action for the purported violation of California Business & Professions Code section 17200 et seq., or any cause of action seeking restitution, disgorgement, or any other form of equitable relief, is barred because Plaintiff and the members of the putative class he purports to represent have an adequate remedy at law, and because any harm they suffered (which Defendant contends there was none) is not irreparable.

1    TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

2    (Failure to Exhaust PAGA Remedies)

3    203.   The Ninth Cause of Action is barred to the extent Plaintiff failed to

4    exhaust administrative remedies under PAGA as a prerequisite to filing suit.

5    TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

6    (No Recovery of Unpaid Wages under Labor Code section 558)

7    204.   To the extent Plaintiff's Ninth Cause of Action seeks unpaid wages

8    under California Labor Code section 558, such recovery is barred because unpaid

9    wages under section 558 are not recoverable under PAGA.

10    THIRTIETH SEPARATE AND ADDITIONAL DEFENSE

11    (Excessive Fines)

12    205.   The SAC and each purported cause of action averred therein are barred

13    to the extent Plaintiff or any of the averred "aggrieved employees" he purports to

14    represent seek to recover civil penalties that are disproportionate to the actual harm

15    suffered (which Defendant contends there was none) because an award of penalties

16    under such circumstances would constitute an excessive fine and otherwise would

17    violate Defendant's due process and other rights under the United States

18    Constitution, the California Constitution, or other applicable law.

19    THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

20    (No PAGA Penalties)

21    206.   No civil penalties under PAGA should be awarded because such an

22    award would be unjust, arbitrary and oppressive, or confiscatory based on the facts

23    and circumstances of this case.

24    THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

25    (No Right to Jury Trial)

26    207.   To the extent Plaintiff demands a jury trial as to his Eighth Cause of

27    Action for purported violation of California Business & Professions Code section

28    17200 et seq. and his Ninth Cause of Action for civil penalties under PAGA, such

1  demand is barred because there is no right to a jury trial in civil proceedings under

2  section 17200 or PAGA, which are equitable actions triable only to the court.

3       208.   Defendant reserves the right to amend its Answer to assert any

4  additional defenses as may later become available or apparent.  Further, Defendant

5  reserves the right to withdraw any defenses that it subsequently determines to be

6  inapplicable.  Nothing stated in the foregoing defenses constitutes a concession that

7  Defendant bears any burden of proof on any issue on which it would not otherwise

8  bear such burden.

9       WHEREFORE, Defendant prays for judgment as follows:

10      1.     That Plaintiff, the State of California, and the members of the putative

11  class and averred "aggrieved employees" Plaintiff purports to represent take

12  nothing by virtue of this action;

13      2.     That judgment be entered in favor of Defendant and against Plaintiff,

14  the State of California, and the members of the putative class and averred

15  "aggrieved employees" Plaintiff purports to represent and the action be dismissed

16  with prejudice;

17      3.     For Defendant's attorneys' fees and costs of suit incurred herein; and

18      4.     For such other and further relief as the Court deems just and proper.

19  Dated:  June 2, 2022                MORRISON & FOERSTER LLP

20

21                                      By:  /s/ Karen J. Kubin

22                                           Karen J. Kubin

23                                      Attorneys for Defendant
                                        STAPLES THE OFFICE SUPERSTORE,
24                                      LLC

25

26

27

28