GRAHAM**HOLLIS** APC
Graham S.P. Hollis (SBN 120577)
ghollis@grahamhollis.com
Vilmarie Cordero (SBN 268860)
vcordero@grahamhollis.com
Nathan Reese (SBN 283150)
nreese@grahamhollis.com
Allison E. Schubert (SBN 339991)
aschubert@grahamhollis.com
3555 Fifth Avenue Suite 200
San Diego, California 92103
Telephone: 619.692.0800
Facsimile: 619.692.0822

Attorneys for Plaintiff JUAN CARLOS CORRAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CORRAL, individually and on behalf of all similarly situated and/or aggrieved employees of Defendants in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>STAPLES THE OFFICE SUPERSTORE LLC, a limited liability company authorized to do business in the state of California, and DOES 1 through 50 inclusive,<br><br>Defendant. | Case No.: 2-22-cv-1254-MCS(PVCx)<br><br>[*Assigned to District Judge Mark C. Scarsi*]<br><br>**PLAINTIFF'S NOTICE OF MOTION FOR CLASS CERTIFICATION**<br><br>Date:     January 9, 2023<br>Time:    9:00 am<br>Dept:     7C<br><br>Third Amended Complaint Filed: 9/13/22<br>Second Amended Complaint Filed: 5/20/22<br>First Amended Complaint Filed: 2/18/22<br>Complaint Filed: 5/28/19<br>Removal Date: July 17, 2019 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 9, 2023, at 9:00 a.m. or as soon thereafter as is convenient to the Court, or as soon thereafter as the matter may be heard in Courtroom 7C of the above-entitled court, located at First Street Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, Plaintiff Juan Carlos Corral will move the Court for an Order granting Plaintiff's Motion for Class Certification.

1

**PLAINTIFF'S NOTICE OF MOTION FOR CLASS CERTIFICATION**

This Motion is made under Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(g) ("Rule 23"), for an Order certifying the following classes:

1. **<u>Regular Rate Class:</u>**  All current and former non-exempt employees of Defendant, who worked for Defendant in the State of California from November 12, 2017 to November 19, 2021, and who, according to Defendant's records:

    a. Worked shifts over six hours;

    b. Were paid a "meal rest premium" during a period when they had a Meal Event or Rest Event (defined bellow);

    c. Had either a "Meal Event" (defined as an incident when the employee's time records show that the employee did not take a meal period, recorded a meal period of less than 30 minutes, or began a meal period after the end of the fifth hour of work) on days the employee worked shifts over six hours, or had a "Rest Event" (defined an incident when Defendant's time records show both a compliant meal period and the employee attested "no" to the question of whether they had an opportunity to take a meal and rest break on Defendant's attestation prompt); and

    d. Were paid nondiscretionary incentive pay that covered the period when the other foregoing criteria were met.

    Plaintiff, on behalf of the Regular Rate Class, seeks to certify the following claims alleged in the operative Complaint:

    a. Failure to Provide Meal Premium Wages in Compliance with Labor Code §226.7;

    b. Failure to Provide Rest Premium Wages in Compliance with Labor Code §226.7;

    c. Failure to Provide Accurate Itemized Wage Statements; and

    d. Violation of California Business and Professions Code Sec. §17200.

2. **<u>Waiting Time Penalties Subclass:</u>**  All members of the Regular Rate Class whose employment with Defendant ended at any time between November 12,

2018 and the present. Plaintiff, on behalf of the Waiting Time Penalties Subclass, seeks to certify the following claims alleged in the operative Complaint:

a. Failure to Pay All Wage Due Upon Separation of Employment.

3. **Wage Statement Class 1:** All current and former non-exempt employees of Defendants who worked for Defendants in the State of California from November 12, 2020 to September 17, 2021, who received a "meal rest premium" from November 12, 2020 and September 17, 2021, and who received nondiscretionary incentive compensation. Plaintiff, on behalf of the Wage Statement Class 1, seeks to certify the following claims alleged in the operative Complaint:

a. Failure to Provide Accurate Itemized Wage Statements.

4. **Wage Statement Class 2:** All current and former non-exempt employees of Defendants, who worked one or more closing shifts for Defendants in the State of California from November 12, 2020 to September 17, 2021, who received a "meal rest premium" between November 12, 2020 and September 17, 2021, and who worked in one of the following positions: Assistant Manager, Sales Manager, Operations Supervisor, and Tech Supervisor. Plaintiff, on behalf of the Wage Statement Class 2, seeks to certify the following claims alleged in the operative Complaint:

a. Failure to Provide Accurate Itemized Wage Statements.

This Motion is based on the Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the declarations of Plaintiff's counsel and Plaintiff's expert Justin Regus submitted herewith, Plaintiff's declaration, Plaintiff's Trial Management Plan, the entire file and records in this action, and such other matters as may be presented to the Court at or before the hearing.

This Motion is made following conferences of counsel under Local Rule 7-3 that took place on or about October 20, 2022.

/ / /

/ / /

3
**PLAINTIFF'S NOTICE OF MOTION FOR CLASS CERTIFICATION**

Dated: October 31, 2022                    GRAHAM**HOLLIS** APC

                                    By:  */s/ Nathan Reese*
                                         GRAHAM S.P. HOLLIS
                                         VILMARIE CORDERO
                                         NATHAN REESE
                                         Attorneys for Plaintiff
                                         Juan Carlos Corral

**PLAINTIFF'S NOTICE OF MOTION FOR CLASS CERTIFICATION**