GRAHAM**HOLLIS** APC
Graham S.P. Hollis (SBN 120577)
ghollis@grahamhollis.com
Vilmarie Cordero (SBN 268860)
vcordero@grahamhollis.com
Hali M. Anderson (SBN 261816)
handerson@grahamhollis.com
Nathan J. Reese (SBN 283150)
nreese@grahamhollis.com
Allison E. Schubert (SBN 339991)
aschubert@grahamhollis.com
3555 Fifth Avenue Suite 200
San Diego, California 92103
Telephone: 619.692.0800
Facsimile: 619.692.0822

Attorneys for Plaintiff JUAN CARLOS CORRAL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CORRAL, individually and on behalf of all similarly situated and/or aggrieved employees of Defendants in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>STAPLES THE OFFICE SUPERSTORE LLC, a limited liability company authorized to do business in the state of California, and DOES 1 through 50 inclusive,<br><br>Defendant. | Case No.: 2-22-cv-1254-MCS-(PVCx)<br><br>**JOINT PROPOSED PLAN FOR CLASS NOTICE AND SCHEDULE FOR THE REMAINDER OF THE CASE**<br><br>Dept:   7C<br>Judge:  Hon. Mark C. Scarsi<br><br>Complaint Filed: November 12, 2021<br>FAC Filed: February 16, 2022<br>SAC Filed: May 20, 2022<br>TAC Filed: September 13, 2022<br>Removal Date: February 23, 2022 |

Pursuant to the Court's February 6, 2023 Order, Plaintiff Juan Carlos Corral ("Plaintiff") and Defendant Staples the Office Superstore, LLC ("Staples" or "Defendant") (together with Plaintiff, the "Parties"), following a telephonic conference of counsel held on February 13, 2023, hereby submit this joint proposed plan for class notice and schedule for the remainder of the case.

## I. Brief Summary of the Case

Plaintiff, a former employee of Staples, filed this putative class and PAGA representative action on November 12, 2021. The operative Third Amended Complaint, filed on September 13, 2022, alleges nine causes of action. Plaintiff alleged the First through Eighth Causes of Action on behalf of himself and five putative classes. The Ninth Cause of Action seeks penalties under the Labor Code Private Attorneys General Act of 2004 (PAGA, Lab. Code, § 2698, et seq.).

On October 31, 2022, Plaintiff moved for certification of four putative classes based on two distinct theories. On February 6, 2023, the Court denied in part and granted in part Plaintiff's motion for class certification. (Dkt. No. 64.) Specifically, the Court certified only the Wage Statement Classes (as defined in Section II below) based on Plaintiff's non-derivative theory of Labor Code section 226 liability and denied certification of all of Plaintiff's other proposed classes.

## II. Amending Complaint and Class Certification Order

Pursuant to the Court's February 6, 2023 Order regarding Class Certification (Dkt. No. 64), the certified Wage Statement Classes are defined as follows:

Wage Statement Class 1: All current and former non-exempt employees of Defendant who worked for Defendant in the State of California from November 12, 2020 to September 17, 2021, who received a "meal rest premium" from November 12, 2020 to September 17, 2021, and who received nondiscretionary incentive compensation.

Wage Statement Class 2: All current and former non-exempt employees of Defendant who worked one or more closing shifts for Defendant in the State of California from November 12, 2020 to September 17, 2021, who received a "meal rest premium" from November 12, 2020 to September 17, 2021, and who worked in one of the following positions: Assistant Manager, Sales Manager, Operations Supervisor, and Tech Supervisor.

Plaintiff intends to seek leave to amend the operative complaint and the Court's February 6, 2023 Order regarding Class Certification (Dkt. No. 64) such that the alleged and certified classes would include all nonexempt employees of Defendant during the

relevant period who received "meal rest premiums." Plaintiff contends that, should the Court permit the foregoing amendments, he will need to conduct narrow discovery regarding the scope of the expanded class size to prepare for trial. The Parties are presently conferring with respect to whether Defendant will stipulate to Plaintiff's proposed amendments. Even if Defendant were to agree to the proposed amendments, Defendant opposes any request for additional discovery or any continuation of the discovery cut-off deadlines and contends that these deadlines should remain as previously ordered by the Court. (See Dkt. No. 36.)

### III. Proposed Plan for Class Notice

Following the Court's February 6, 2023 Order Regarding Class Certification, the Parties met and conferred about a proposed plan for class notice and have reached an agreement as to the content of and procedure for disseminating notice to the certified class. The Parties agree that on May 4, 2023, Defendant shall provide contact information – including the full names, last known addresses, and e-mail addresses – for all members of the certified class to the third-party administrator, Simpluris, Inc. ("Administrator"). Within ten business days of receiving the class contact information from Defendant, the Administrator shall distribute, by both U.S. mail and e-mail, written notice of class certification in the form attached hereto as **Exhibit 1**, subject to any modifications ordered by the Court (including any potential amendments to the class definition). Defendant shall be solely responsible for the Administrator's fees and costs associated with disseminating class notice.

### IV. Upcoming Mediation

The Parties have agreed to attempt to resolve this matter through private mediation with mediator Stephanie Chow and have reserved April 27, 2023 for the mediation.

### V. Proposed Schedule for the Remainder of the Case

Following the Court's February 6, 2023 Order Regarding Class Certification, the Parties also met and conferred regarding a proposed schedule for the remainder of this case.

The Parties are generally in agreement as to the proposed schedule, but disagree as to the close of discovery, as indicated below:

| Event | Plaintiff's Proposed Date | Staples' Proposed Date |
|---|---|---|
| Final Date for Hearing Motion to Amend Pleadings/Add Parties | April 17, 2023 | April 17, 2023 |
| Close of Class Discovery | May 29, 2023 | (Non-Expert) Feb. 27, 2023<br>(Expert) March 6, 2023[1] |
| Final Date for Hearing Dispositive Motion | August 4, 2023 | August 4, 2023 |
| Deadline to Complete Settlement Conference | August 18, 2023 | August 18, 2023 |
| Trial Filings (first round)<br>• Motions in Limine<br>• Memorandum of Contentions of Fact and Law<br>• Witness Lists<br>• Joint Exhibit List<br>• Joint Status Report Regarding Settlement<br>• Proposed Finds of Fact and Conclusions of Law<br>• Declarations containing Direct Testimony | October 6, 2023 | October 6, 2023 |

---

[1] The non-expert discovery cut-off is February 27, 2023 and the expert discovery cut-off is March 6, 2023, pursuant to the Order Granting Stipulation and Joint Request to Modify Initial Scheduling Order. (Dkt. No. 36.) Defendant contends that Plaintiff's attempt to continue the discovery cut-off beyond these dates is improper and the current discovery cut-off dates should remain in place as previously ordered.

| Trial Filings (second round)<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order<br>• Evidentiary Objections to Decls. of Direct Testimony | October 13, 2023 | October 13, 2023 |
|---|---|---|
| Final Pretrial Conference | October 27, 2023 | October 27, 2023 |
| Trial | November 7, 2023 – November 17, 2023 | November 7, 2023 – November 17, 2023 |

Dated: February 27, 2023                    GRAHAM**HOLLIS** APC

By: */s/ Nathan J. Reese*
GRAHAM S.P. HOLLIS
VILMARIE CORDERO
HALI M. ANDERSON
NATHAN J. REESE
ALLISON SCHUBERT
Attorneys for Plaintiff
JUAN CARLOS CORRAL

Dated: February 27, 2023                    MORRISON & FOERSTER LLP

By: */s/ David P. Zins*
DAVID P. ZINS
MAYA HAREL
Attorneys for Defendant
STAPLES THE OFFICE SUPERSTORE, LLC