GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

<u>NOTE CHANGES MADE BY THE COURT</u>

**JS6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CORRAL, individually and on behalf of all similarly situated and/or aggrieved employees of Defendants in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>STAPLES THE OFFICE SUPERSTORE LLC, a limited liability company authorized to do business in the state of California, and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No.: 2-22-cv-1254-MCS-(PVCx)<br><br>[*Assigned to District Judge Mark C. Scarsi*]<br><br>[PROPOSED] **ORDER AND JUDGMENT ON FINAL APPROVAL**<br><br>Date: January 8, 2024<br>Time: 9:00 a.m.<br>Dept: 7C<br>Judge: Hon. Mark C. Scarsi<br><br>Complaint Filed: November 12, 2021<br>Trial Date: November 28, 2023 |

This action came before the Court on January 8, 2024 for a hearing on Plaintiff's Motions for Final Approval of Class Action Settlement and Award of Attorneys' Fees, Costs, and Class Representative's Service Award ("MFA"). After reviewing the MFA and the Stipulation of Settlement and Release ("Settlement") filed with the Court, the Court hereby finds and orders:

1. This Court has jurisdiction over the claims of the Class Members asserted in this proceeding and over all parties to the action.

2. The Court finds that 2,289 Class Members have been mailed notice of the Settlement, zero (0) Class Members have objected to the Settlement, and zero (0) Class Members have requested exclusion from the Settlement.

3. The Court finds that the Settlement is fair, adequate, and reasonable, and falls within the range of reasonableness, and is further consistent and in compliance with all the requirements of Federal Rule of Civil Procedure 23(e).

4. The Notice given to the Class Members fully and accurately informed the Class Members of all material elements of the proposed Settlement and of the Class Members' opportunity to object to or comment thereon; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the Federal Rules of Civil Procedure, the United States Constitution, due process and other applicable law. The Notice fairly and adequately described the Settlement and provided Class Members adequate instructions and means to obtain additional information. A full opportunity has been afforded to the Class Members to participate in the final approval hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not timely and properly execute a request for exclusion are bound by this Order and the Judgment.

5. The Court hereby grants final approval to the Settlement and finds it reasonable and adequate, and in the best interests of the Class as a whole. Accordingly, the Court hereby directs that the Settlement be effectuated in accordance with the terms of the Settlement. Given the foregoing, the Court:

   a. Orders that the settlement awards be made and administered in accordance with the terms of the Settlement as to the 2,289 Class Members.

   b. Finds that under the California Private Attorneys General Act ("PAGA"), California Labor Code § 2699, *et seq*., a PAGA payment of $30,000.00 is reasonable and hereby orders that the Settlement Administrator shall pay the PAGA Payment of $30,000.00 as set forth in the Settlement. Of this amount, 75%, or $22,500.00 will be paid to the California Labor and Workforce Development Agency and 25% or $7,500.00 will be distributed to Class Members pursuant to the terms of the Settlement.

c. Approves the Class Counsel's requested fee of $266,666.67, as well as $74,333.77 in costs, both to be paid from the settlement fund. **The Court finds that the requested award of attorneys' fees in the amount of $266,666.67, or one-third of the common fund created by the settlement, is reasonable here. Evidence submitted by Plaintiff demonstrates that the requested costs of $74,333.77 is fair and reasonable.**

d. Confirms ILYM Group, Inc. as the settlement administrator and approves $13,220.00 in costs and expenses to be paid to ILYM Group, Inc. from the settlement fund. **The Court finds and determines that the costs and expenses of ILYM Group, Inc. are fair and reasonable.**

e. Orders payment of a service award of $5,000.00 out of the settlement fund to Class Representative Juan Carlos Corral. **The Court finds and determines that the request by Plaintiff and Class Counsel for the class representative service award is fair and reasonable.**

f. Directs that, in accordance with the Settlement terms, any settlement checks that remain uncashed after 180 days after mailing be paid to the State Bar of California's Justice Gap Fund.

g. Without affecting the finality of this Order for purposes of appeal, the Court retains jurisdiction over this matter for the purposes of enforcing the settlement agreement and issuing any orders in connection therewith.

**IT IS SO ORDERED**.

Dated: January 24, 2024

_____
Hon. Mark C. Scarsi
United States District Judge